The Chancellor.
Jesse C. Hedenberg, by his will, devised the residue of his estate, real and personal, to his sister, the wife of the complainant. At the time of his death he was seized of valuable real estate at Eahway, which was heavily encumbered by mortgages, upon which decrees of foreclosure had been entered and executions issued. The encumbrances were greatly reduced by payments made by the executors; but not being satisfied in full, the premises were exposed to sale by the sheriff, on the fourth of May, 185V, and struck off for the sum of $2900, the balance remaining due upon the executions. The executors of Hedenberg, James H. Halsey and Theodore Eunyon, in the hope of promoting the interests of the estate, became the purchasers, and took a deed to themselves individually, but by their title as executors. The amount of the purchase money was raised and paid by them. On the fourteenth of November, 185V, the premises were exposed to sale by them at public vendue, and were struck off to John C. Denman for $3250, an amount sufficient to pay the sum advanced by the *333 executors, with interest, costs, and expenses. By the terms of sale, ten per cent, of the purchase money was to be paid in cash, and the balance at a short day. The terms of sale were not complied with by the purchaser.
The bill charges that the premises were, by the direction of one of the executors, struck off to Denman for the benefit of the complainant; that the time for the payment of the purchase money was extended by the vendors, and the money was not paid in consequence of such extension. On the sixth of April, 1858, the complainant tendered to both of the executors the amount of the purchase money, $3250, with interest from the day of sale, but the money was refused on the ground that Halsey had agreed since the sale at auction to make title to Denman, who refused to give up his purchase.
The bill charges that the executors had no authority under the will to sell the real estate of the testator, and that the sale by them was unauthorized. The prayer of the bill is, that the executors may be restrained from making a deed to Denman, and that they may be decreed to convey the premises to the complainant, in pursuance of the sale, upon the tender of $3250, the price bid, with interest from, the day of sale to the sixth of April, 1858.
Answers have been filed by the executors and by Denman the purchaser.
The whole equity of the complainant’s case rests upon the allegations that the property was, by agreement, struck off to Denman for the benefit of the complainant, and that the time for compliance with the terms of sale and the payment of the purchase money was extended, by consent of the vendors, to the time of the tender made by the complainant.
That the property was struck off to Denman for the benefit of the complainant (his wife being interested in the land as the sole residuary devisee of the testator) is admitted by the defendants. But they expressly deny that the time for the payment of the purchase money was extended by consent. On the contrary, it is alleged that the complainant, having *334 failed to make payment in compliance with the terms of sale, was importuned from time to time to pay the purchase money; and having failed so to do, the executors, having themselves paid the claims against the land, endeavored to effect a sale to others, and finally induced Denman to purchase on his own account. The whole equity of the bill is denied by the answers.
No replication has been filed in the cause, and the allegations of the answers must therefore be taken as true. But aside from this, there is no evidence of any consent by the vendors for an extension of the time for the payment of the purchase money. The complainant having utterly failed to perform the agreement on his part, admitting it to have been binding, can have no claim to a specific performance.
The charge that the executors held the title for the benefit of the estate is without foundation. They purchased and paid for the property as individuals out of their own funds. They had a legal right so to do, as the land was sold not by them as executors, but by the sheriff, by virtue of executions issued against other parties, for the satisfaction of encumbrances subsisting upon the land before their testator acquired title. The fact that they are described as executors of Hedenberg in the deed executed to them by the sheriff, and that they subsequently advertised and sold the land describing themselves as executors, cannot affect their legal rights. As executors, they had no right to purchase the land or to charge the estate of their testator with the payment of the purchase money. If they suffered loss by the purchase, they could not look to the estate for remuneration. The estate had no interest in the result of the purchase, other than such as might be derived from the services rendered and personal hazards gratuitously incurred by the executors for the benefit of those interested in the estate.
I find nothing whatever in the case that calls in question the integrity, good faith, or fair dealing of the parties who acted as executors, or that entitles the complainant to any relief in equity.
*335 The evidence taken upon the motion to dissolve the injunction satisfies me that nothing could be gained by the complainants taking the title. A fairer sale could not have been made, and there is no probability that a better price would be obtained.
The bill must be dismissed, and the injunction heretofore granted dissolved with costs.